Jose ARCHULETA, Appellant
(Employee),

v.

CARBON COUNTY SCHOOL
DISTRICT NO. 1, Appellee
(Employer).

No. 89–164.

Supreme Court of Wyoming.

Feb. 16, 1990.

Frederick J. Harrison, Rawlins, for appellant.

Catherine MacPherson of MacPherson Law Offices, Rawlins, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

A worker's compensation hearing officer denied benefits to the surviving dependents of Jose Archuleta on the ground that Archuleta's fatal injury occurred while he was outside the scope of his employment. The district court affirmed that decision upon the petition for review.

We reverse.

Jose Archuleta was employed as a custodian at Rawlins High School by Carbon County School District No. 1. On December 23, 1987, he completed his shift at 3:30 p.m., punched his time card, and proceeded to his pickup truck in the school parking lot. Four to six inches of snow covered the lot. Archuleta's vehicle became stuck in wind-drifted snow as he approached the nearest exit from the lot. After breaking free, he backed away from the exit, leaning out the truck's open door, presumably to better see where he was driving. Notwithstanding that precaution, he drove into a light pole in the school parking lot. The pole struck the left side of Archuleta's head and forced it into the door jamb. He fell from the vehicle and was pronounced dead in the emergency room of Carbon County Memorial Hospital.

Archuleta's employer objected to appellant's worker's compensation claim on the ground that the fatal accident occurred outside the scope of Archuleta's employment. A hearing was conducted on May 3, 1988. The decision of the hearing officer noted the general rule that injuries incurred while travelling to and from work are not within the course of employment and that claimants had failed to establish that Archuleta's case fell within any of the recognized exceptions to that rule. The claim was denied. The claimants then petitioned the district court for judicial review. Although the district court approved of the rule cited by the hearing officer, it found

the hearing officer's analysis incomplete and remanded for a determination of whether any causal nexus existed between Archuleta's injury and his employment which would render the injury compensable. On remand, the hearing officer determined there was no evidence, beyond the fact that he was in the process of leaving his employer's premises at the end of his work day, that would tie Archuleta's activities at the time of the accident to his employment. Citing the opinion of this court in *Matter of Injury to Corean*, 723 P.2d 58 (Wyo.1986), the hearing officer concluded that fact was insufficient to create a compensable nexus between injury and employment and once again denied compensation. The amended decision was affirmed by order of the district court on June 19, 1989.

The parties to this appeal agree that Archuleta's death is compensable if it is an "injury" as that term is defined by our Worker's Compensation Act:

" 'Injury' means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, *arising out of and in the course of employment while at work* in or *about the premises* occupied, used or *controlled by the employer* and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. 'Injury' does not include:
"(A) Any illness or communicable disease unless the risk of contracting the illness or disease is increased by the nature of the employment;
"(B) Injury caused by:
"(I) The fact the employee is intoxicated or under the influence of a controlled substance, or both, except any prescribed drug taken as directed by an authorized health care provider; or
"(II) The employee's willful intention to injure or kill himself or another.
"(C) Injury due solely to the culpable negligence of the injured employee;
"(D) Any injury sustained *during travel to or from employment* unless the employee is reimbursed for travel expenses or is transported by a vehicle of the employer;
"(E) Any injury sustained by the prisoner during or any harm resulting from any illegal activity engaged in by prisoners held under custody; or
"(F) Any injury or condition preexisting at the time of employment with the employer against whom a claim is made." (emphasis added) W.S. 27–14–102(a)(xi) (June 1987 Repl.).

In applying that definition of "injury," we are guided by the oft-stated principle that the act should be liberally construed to afford coverage wherever that may be accomplished without unreasonably extending the clear language of the statutes. *Deloges v. State ex rel. Wyoming Workers' Compensation Division*, 750 P.2d 1329, 1331 (Wyo.1988); *Randell v. Wyoming State Treasurer, ex rel. Wyoming Worker's Compensation Division*, 671 P.2d 303, 309 (Wyo.1983). Consistent with that principle, we have construed the introductory paragraph of W.S. 27–14–102(a)(xi) to require that, for an injury to be compensable, there must exist some causal nexus between that injury and some condition, activity, environment or requirement of the employment. *Baker v. Wendy's of Montana, Inc.*, 687 P.2d 885, 892 (Wyo.1984); *Cottonwood Steel Corporation v. Hansen*, 655 P.2d 1226, 1232–33 (Wyo.1982); *Matter of Willey*, 571 P.2d 248, 250 (Wyo.1977). Subsections (A) through (F) of W.S. 27–14–102(a)(xi) contain a number of statutory exceptions to the definition of the term "injury."

The hearing officer, in the present case, relied upon the exception contained in W.S. 27–14–102(a)(xi)(D) to deny Archuleta's claim for benefits. That subsection codified a long-standing common law rule that injuries incurred while either going to or coming from work are not compensable unless the employer has in some fashion provided the employee with transportation or has reimbursed him for the costs of those travels. *Matter of Van Matre*, 657 P.2d 815, 816 (Wyo.1983); *Cottonwood Steel Corp.*, 655 P.2d at 1232–33; *Willey*,

571 P.2d at 250–51. Thus, in terms of our "nexus test," that provision constitutes a legislative determination that, while no compensable nexus with the employment is generally present when an employee is travelling between home and work, such a nexus is created where the employer has assumed the cost of that travel. Archuleta now asks us to adopt a rule making injuries compensable in such "going and coming" cases where the employee's travels, though not subsidized, occurred on the employer's premises. This "premises rule," adopted by a majority of our sister states, has been articulated by one notable commentator in the following manner:

> "As to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours or at lunchtime are compensable, but if the injury occurs off the premises, it is not compensable, subject to several exceptions. Underlying some of these exceptions is the principle that course of employment should extend to any injury which occurred at a point where the employee was within range of dangers associated with the employment." 1 A. Larson, *The Law of Workmen's Compensation* § 15.00 at p. 4–3 (1989). See also §§ 15.10–.12(a).

Appellee argues that the adoption of this rule has been foreclosed by our decision in *Matter of Injury to Corean*, 723 P.2d 58 (Wyo.1986). We disagree.

In *Corean*, the claimant was injured on his employer's ranch (on the premises) while driving to his work site. We were urged in that case, but declined, to adopt a rule that would conclusively establish a causal nexus between an employee's injury and his employment if the injury occurred on the employer's premises. Citing the examples of employee suicide, an employee shot by a jilted lover, and an employee injured while repairing his personal automobile on the employer's premises, we determined that creating such a conclusive presumption from the mere fact that an injury occurred on the premises would "extend worker's compensation coverage beyond the bounds intended by the legisla-

ture." 723 P.2d at 61. We additionally noted that the application of such a presumption would be particularly inappropriate where, as was the case in *Corean*, the actual situs of the employee's work consisted of a relatively small portion of an extensive ranch. 723 P.2d at 59–61, 63. Because we applied the proven and uniformly appropriate nexus test to determine the case, we found it unnecessary to further elucidate our position concerning the potential applicability of a proffered premises rule.

We noted in *Corean* that on-premises accidents are, indeed, most often causally connected to employment, thereby suggesting that a presumption created by rule might have considerable validity, albeit not the conclusive validity argued for in *Corean*. A trend toward adoption of a premises rule, insofar as it creates a rebuttable presumption of causal connection, has been foreshadowed by a number of our prior decisions. We have held, for instance, that "acts necessary to the life, comfort, or convenience of an employee while at work are incidental to the service, and an injury occurring while in the performance of such acts may be compensable." *Rocky Mountain Tank & Steel Co. v. Rager*, 423 P.2d 645, 648 (Wyo.1967). We have implicitly accepted the proposition that a causal relation exists between an injury and the employment where an employee is hurt during such diverse activities as using a bathroom on his employer's premises or while taking lunch or coffee breaks in an area provided by the employer. It is a logical progression now to extend that proposition to such necessary incidents of the employee's service as punching a time clock or entering and leaving the employer's premises during those periods immediately before and after work. Indeed, we have previously upheld a worker's compensation claim for an injury arising from a dangerous condition on the employer's premises even though the claimant, at the time of the injury, had completed his daily shift and had finished filling out his time card. *Claim of Carey*, 74 Wyo. 37, 283 P.2d 1005 (1955). We have also recognized that injuries occurring af-

ter an employee has quit or has been fired are compensable if they occur while he is in the process of winding up his affairs and leaving the premises if they occur within a reasonable time after his termination. *Claims of Naylor*, 723 P.2d 1237, 1241–42 (Wyo.1986).

We cannot see how the circumstances surrounding Archuleta's death differ significantly from the facts of these cases. To conclude otherwise and deny compensation to his survivors would be an obvious injustice. Accordingly, we hold that where the elements of the premises rule, as set forth above, have been established, a rebuttable presumption arises that the employee's injury is causally connected to his employment. The claimants in the present case established that, roughly fifteen minutes after finishing his regular hours of employment, Archuleta suffered a fatal injury while attempting to leave his employer's parking lot for home. No one else was involved in the accident, and it is uncontested that his only actions after leaving work were to scrape snow off his truck and to extricate the truck from deep snow. He was, at all times, at his regular place of employment on the premises of his employer. He was entitled to a presumption that the injury resulting in his death arose out of the course of his employment. To defeat his claim, the burden shifted to his employer to establish that his activity resulted in an injury not included under W.S. 27–14–102(a)(xi).

The decision of the district court, affirming the administrative hearing officer's determination to the contrary, is, accordingly, reversed and the cause remanded for further proceedings consistent with this opinion.

MACY, J., filed a dissenting opinion in which GOLDEN, J., joined.

MACY, Justice, dissenting, with whom GOLDEN, Justice, joins.

I dissent. Wyo.Stat. § 27–14–102(a)(xi) (1977) clearly states that, before either the employer or the employee can invoke the provisions of the Wyoming Worker's Compensation Act, the employee's injury must arise "out of and in the course of employment while at work" and that an injury sustained while an employee is "travel[ing] to or from employment" is not compensable "unless the employee is reimbursed for travel expenses or is transported by a vehicle of the employer."

Archuleta was not "in the course of employment while at work" when his injury occurred. He had completed his daily hazardous task as a custodian before he was injured. There is no nexus between the injury and a condition, activity, environment, or requirement of employment.

It is for the legislature to determine whether it wants a "premises" exception to the Wyoming Worker's Compensation Act, not for this Court under the guise of liberal construction.