**STATE of Wyoming ex rel., WYOMING WORKER'S COMPENSATION DIVISION, Petitioner (Objector–Defendant),**

v.

**Phyllis MILLER and Pioneer Manor, Respondents, (Employee–Claimant).**

**No. 89–157.**

Supreme Court of Wyoming.

Feb. 16, 1990.

Joseph B. Meyer, Atty. Gen., Ron Arnold, Sr. Asst. Atty. Gen., argued, and Larry Donovan, Cheyenne, for petitioner.

J. Stan Wolfe and S. Gregory Thomas, argued, Gillette, for respondent Miller.

Robert W. Brown, argued, Sheridan, for respondent Pioneer Manor.

Before CARDINE, C.J., and
THOMAS, URBIGKIT, MACY and
GOLDEN, JJ.

CARDINE, Chief Justice.

Respondent Phyllis Miller was employed as a nurse's aide by Pioneer Manor, a nursing home in Gillette, Wyoming. On October 17, 1988, she completed her shift, clocked out at 6:30 a.m., and proceeded directly out of the building towards her car. It had been raining during her entire shift and, on her way to the parking lot owned and maintained by her employer, she stepped off a sidewalk onto a muddy portion of lawn. She slipped and fell, breaking her left arm close to the wrist.

Subsequently, Ms. Miller filed an injury report and sought worker's compensation benefits. Petitioner, Wyoming Worker's Compensation Division (Division), objected on the ground that her injuries were not causally related to her job and, therefore, not within the coverage of the Worker's Compensation Act. A hearing was set in the matter for January 25, 1989. Following that hearing, an administrative hearing officer determined that the scene of the accident was a part of respondent's employment environment and that her presence there was a practical necessity of her job. Consequently, the hearing officer concluded that her injury was causally connected to the employment and awarded her benefits. The Division petitioned for judicial review, contending that the hearing officer's decision was neither in accordance with law nor supported by substantial evidence. Upon the joint request of the parties, the matter was certified directly to this court, pursuant to W.R.A.P. 12.09.

We affirm.

The outcome in this case is controlled by our recent decision in *Archuleta v. Carbon County School District No. 1*, 787 P.2d 91 (Wyo.1990). In *Archuleta*, a high school custodian suffered a fatal injury in the school parking lot shortly after punching the time clock at the end of his work day. Benefits were denied to his surviving dependents on the basis that his accident was not causally connected to his employment. We reversed, holding that injuries to a worker with both fixed hours and a fixed place of employment were presumptively compensable if the injuries occurred on his employer's premises while going to and from work before or after working hours.

Our decision in that case rested on our adoption of the so-called "premises rule," as set out in 1 A. Larson, *The Law of Workmen's Compensation* §§ 15.00–15.12(a) at 4–3 to 4–8 (1989).

> "As to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours or at lunchtime are compensable, but if the injury occurs off the premises, it is not compensable, subject to several exceptions. Underlying some of these exceptions is the principle that course of employment should extend to any injury which occurred at a point where the employee was within range of dangers associated with the employment." Id., § 15.00 at p. 4–3.

It was argued there, as it is argued in the present case, that the adoption of the premises rule was foreclosed by our decision in *Matter of Injury to Corean*, 723 P.2d 58 (Wyo.1986). We explained, however, that our rejection of that rule in *Corean* derived not from our disagreement with the substance of the rule but, rather, from our disinclination to apply it as broadly as Corean urged. That is, we explained that we had rejected the premises rule in *Corean* only to the extent that it was understood to conclusively establish a causal connection between on-premises injuries and employment. We stated, in this regard:

> "We noted in *Corean* that on-premises accidents are, indeed, most often causally connected to employment, thereby sug-

gesting that a presumption created by rule might have considerable validity, albeit not the conclusive validity argued for in *Corean*. A trend toward adoption of a premises rule, insofar as it creates a rebuttable presumption of causal connection, has been foreshadowed by a number of our prior decisions." *Archuleta*, 787 P.2d at 93.

Accordingly, we adopted the rule as creating a rebuttable presumption of a causal nexus between injury and employment. Because Archuleta's uncontested evidence showed that he had fixed hours and a fixed place of employment, and because it also established that his accident occurred on his employer's premises while he was in the process of leaving for home shortly after the end of his work day, we held him entitled to the presumption created by the rule.

The same result should obtain in the present case. It is uncontested that Ms. Miller's accident occurred at her regular place of employment shortly after punching out at the end of her scheduled shift. It is similarly uncontested that she was injured on her employer's premises while walking to her car to go home. The hearing officer was, therefore, justified in relying upon the presumption raised by the premises rule that her accident was causally connected to her employment. The resulting decision was in accordance with the law, as established in *Archuleta*, and was supported by substantial evidence. The hearing officer's order awarding benefits is affirmed.

MACY, Justice, dissenting, with whom GOLDEN, Justice, joins.

I dissent. Ms. Miller was not injured during "the course of employment while at work." Wyo.Stat. § 27–14–102(a)(xi) (1977). See my dissent in *Archuleta v. Carbon County School District No. 1*, 787 P.2d 91 (Wyo.1990).