2001 WY 4

In the Matter of the Worker's Compensation Claim of Virginia K. HANKS, Appellant (Employee–Claimant),

v.

CITY OF CASPER, Appellee (Employer–Respondent),

and

State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division, Appellee (Objector–Respondent).

No. 00–125.

Supreme Court of Wyoming.

Jan. 17, 2001.

Representing Appellant: Donald L. Painter, Casper, WY.

Representing Appellee City of Casper: Stephenson D. Emery of Williams, Porter, Day & Neville, P.C., Casper, WY.

Representing Appellee State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and David L. Delicath, Assistant Attorney General.

Before LEHMAN, C.J.; THOMAS, GOLDEN and KITE, JJ.; and SPANGLER, D.J. (RET.).

SPANGLER, District Judge (Retired).

[¶ 1] Appellant Virginia K. Hanks was awarded initial worker's compensation benefits but appeals from the district court's order which affirmed the hearing examiner's decision to deny the additional benefits she sought after being diagnosed with fibromyalgia. We affirm.

### ISSUE

[¶ 2] The issue is: "Whether there is any substantial evidence that supports the denial of compensation benefits in this case."

### FACTS

[¶ 3] On July 22, 1998, Appellant, a community service officer with the City of Casper, suffered a work-related injury to her left side from walking into a street sign. The Wyoming Workers' Safety and Compensation Division paid for chiropractic treatment. X-rays of her cervical and lumbar spine revealed no abnormalities.

[¶ 4] On September of 1998, Appellant was referred by her chiropractor to Michael Kaplan, M.D. On September 9, 1998, she saw Dr. Kaplan with complaints of diffuse muscular pain. On September 23, 1998, Dr. Kaplan diagnosed her with fibromyalgia. On October 6, 1998, the Division denied all claims for benefits after September 9, 1998, as not being related to the original work injury.

## STANDARD OF REVIEW

[¶ 5] The standard for review is set forth in W.R.A.P. 12.09(a), limiting judicial review to the matters contained in the Wyoming Administrative Procedure Act. The language pertinent to this appeal is as follows:

The reviewing court shall:

. . .

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

. . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16–3–114(c) (LEXIS 1999).

## DISCUSSION

[¶ 6] An employee-claimant in a worker's compensation case has the burden of proving all the statutory elements which comprise a compensable injury. *Thornberg v. State ex rel. Wyoming Workers' Compensation Division*, 913 P.2d 863, 866 (Wyo. 1996). This burden includes establishing the cause of the condition for which compensation is claimed and proving that the injury arose out of and in the course of employment. *State ex rel. Wyoming Workers' Compensation Division v. Espinoza*, 924 P.2d 979, 981 (Wyo.1996).

[¶ 7] Wyo. Stat. Ann. § 27–14–102(a)(xi)(A) (LEXIS 1999) states that "injury" does not include "[a]ny illness or communicable disease unless the risk of contracting the illness or disease is increased by the nature of the employment." Appellant does not contend that the risk of contracting fibromyalgia was increased by the nature of her employment. Instead, she asserts that her fibromyalgia was caused by the July 22, 1998, injury.

[¶ 8] Appellant relies upon this testimony from Dr. Kaplan:

A. I would say that in patients that develop fibromyalgia, sometimes we can link it to a triggering episode. And I think that she did have the triggering episode at work. So we can say that the fibromyalgia was linked to that.

But to say that all of her pain complaints now are related to that injury—she may have been predisposed to develop fibromyalgia, and she may have developed it from another type of episode. She could have had a fall at home and ended up with it a year from now. So I always have a little caution when I say that a particular injury caused fibromyalgia.

I think that a patient may develop it, and it just takes a little triggering episode. And that's a trigger; it's not an event that causes some irreversible syndrome and we can blame it on that event.

So I can't say that greater than 50 percent of her symptoms are because of her work injury. I can say that she had a work injury that triggered this syndrome, and now she has some residual musculoskeletal complaints. It's always a difficult call, from my perspective, when these patients come up with fibromyalgia.

Q. And the triggering event to which you refer is when she walked into the steel signpost?

A. Yes. And now she's got this diffuse musculoskeletal kind of picture; correct. And that happened to occur when she was at work. And like I said, she easily—if she hadn't hit that signpost, she may have been home in her basement a year from now and slipped down a stair and developed it then, as well.

[¶ 9] Appellant contends that the only reasonable way to interpret this testimony is to say that there was a causal connection between the injurious collision and the fibromyalgia. However, there are sufficient qualifications in the testimony to allow a reasonable person to conclude that she did not meet her burden of proving a causal connection between the collision and the fibromyalgia. The witness did not say that the collision caused fibromyalgia but noted that he was cautious about saying that. He went on to say that a triggering episode, such as this collision, is not an event that causes a syndrome such as fibromyalgia.

[¶ 10] Appellant cites three cases in support of her position. In the case of *Associated Seed Growers, Inc. v. Scrogham*, 52 Wyo.

232, 73 P.2d 300 (1937), the employee's blood vessels were weakened by tuberculosis. Lifting heavy sacks at work caused hemorrhaging. This was not a case of an injury causing an ailment, as Appellant contends here, but of a disease making the employee more susceptible to an injury.

[¶ 11] The case of *Wright v. Wyoming State Training School*, 71 Wyo. 173, 255 P.2d 211 (1953), involved an employee contracting dermatitis from exposure to medicines and chemicals. Thus, the risk of contracting the illness was increased by the nature of the employment. That is not what Appellant is claiming in this case.

[¶ 12] In the case of *Exploration Drilling Company v. Guthrie*, 370 P.2d 362 (Wyo. 1962), the employee fell into a pool of contaminated mud and water and swallowed some of those substances. The employer argued that the fall was caused by an epileptic seizure and was not compensable. The case was one where coverage was not precluded by a disease that increased the risk of injury. It does not stand for the proposition that the injury caused the disease.

[¶ 13] More to the point is the case of *Safeway, Inc. v. Mackey*, 965 P.2d 22 (Alaska 1998), where the Alaska Supreme Court upheld a ruling that the employee had failed to prove that her fibromyalgia was work related.

## CONCLUSION

[¶ 14] There is substantial evidence to support the hearing examiner's finding that Appellant failed to prove the workplace injury caused her fibromyalgia.

[¶ 15] Affirmed.