132 P.3d 185 (2006)
2006 WY 46
In the Matter of the Worker's Compensation Claim of Larry FINLEY, Appellant (Petitioner/Employee-Claimant),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).
No. 05-101.
Supreme Court of Wyoming.
April 18, 2006.
*186 Representing Appellant: Dion J. Custis, Cheyenne, Wyoming.
Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; and Kristi M. Radosevich, Assistant Attorney General.
Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and YOUNG, D.J.
HILL, Chief Justice.
[¶ 1] Larry Finley (Finley) appeals a district court order affirming the Office of Administrative Hearings' denial of his claim for worker's compensation benefits on the grounds that he failed to carry his burden of establishing a compensable injury. We affirm.

ISSUES
[¶ 2] Finley provides the following statement of the issue:
Did the district court err as a matter of law in determining that Mr. Finley was not eligible for permanent partial disability benefits, and past and future medical expenses pursuant to § 27-14-405 and § 27-14-401, because he has not met his burden of proof to show that treatment was the result of his work-related injury.
The Wyoming Workers' Safety and Compensation Division (the Division) offers the following statement:
A claimant seeking workers' compensation benefits must prove that he suffered an *187 injury as defined by the Wyoming Workers' Compensation Act, and specifically, that the claimed injury arose out of and in the course of employment. Does substantial evidence support the hearing examiner's conclusion that Finley failed to meet this burden of proof?

FACTS
[¶ 3] On November 24, 2003, Finley was on his lunch break at his employer's worksite when he suffered a seizure and fell to the ground. Finley suffered a severe brain injury. On December 7, 2003, Finley filed an injury report claiming that he had suffered a work-related injury. The Division issued a Final Determination on January 13, 2004, denying benefits:
Definition of injury does not include: Injury caused by the fact the employee is intoxicated or under the influence of a controlled substance, or both, except any prescribed drug taken as directed by an authorized health care provider. (Wyoming Statute XX-XX-XXX(a)(xi)(B)(I)) Medical reports received indicate the incident on 11/24/2003 appeared to be the result of an alcohol withdrawal seizure or syncopal event related to drinking.
Definition of injury does not include: Injury due solely to the culpable negligence of the injured employee. (Wyoming Statute XX-XX-XXX(a)(xi)(C)).
Finley objected and a contested case hearing was held August 24, 2004.
[¶ 4] Finley testified that because of his brain injury, he had no recollection of the day of the accident. Finley indicated that he had received conflicting descriptions of what happened from his coworkers: Some stated that Finley had fallen off his trackhoe while warming up his lunch on the exhaust, and others told him that he was just standing on the ground when he fell. Finley admitted that he had an alcohol problem and would consume a six pack of beer or more every night, including the night before the accident. However, he denied being intoxicated on the day of the accident.
[¶ 5] In addition to Finley's testimony, various medical records were admitted into evidence. The records include notations made contemporaneously with Finley's treatment for his injury. One record notes a history of alcohol use and with a blood count that "shows elevated MCV and MCH in the classic pattern consistent with alcohol dependence," and diagnosed "alcohol dependence with probable psychological dependence, possible alcohol withdrawal related syncope or seizure." A treating physician concluded that Finley suffered a seizure or a "syncopal episode, probably secondary to alcohol withdrawal." Other records contained similar statements.
[¶ 6] At the conclusion of Finley's testimony, he rested and the Division moved for a judgment as a matter of law pursuant to W.R.C.P. 52. The hearing examiner orally granted the motion, and a written order confirming the ruling was issued on September 23, 2004. The hearing examiner found that Finley had suffered a seizure, and given his history of alcohol use and the medical records indicating an alcohol withdrawal seizure or syncopal event, he concluded that there "was no evidence that [Finley's] fall was the result of his work effort or related to his work activities." Accordingly, the hearing examiner concluded that Finley had failed to meet his burden to establish that he had suffered a compensable injury. Finley filed a Petition for Review with the district court, which affirmed the hearing examiner's decision. Finley has appealed to this Court.

STANDARD OF REVIEW
[¶ 7] When a hearing examiner concludes that a worker's compensation claimant did not meet his or her burden of proof, our review is governed by the arbitrary and capricious standard.
Under the arbitrary, capricious and abuse of discretion standard, we are charged with examining the entire record. In our examination and review of a hearing examiner's determination, we defer to the hearing examiner's findings of fact. We will examine conflicting and contradictory evidence to see if the hearing examiner reasonably could have made its findings based on all the evidence before it. The findings of fact may include determinations of witness *188 credibility, as the hearing examiner is charged with determining the credibility of the witnesses. In our review, we will not overturn the hearing examiner's determinations regarding witness credibility unless they are clearly contrary to the overwhelming weight of the evidence.
Boyce v. State ex rel. Wyoming Workers' Safety and Compensation Division, 2005 WY 9, ¶ 6, 105 P.3d 451, 454 (Wyo.2005) (quoting Brees v. Gulley Enterprises, Inc. 6 P.3d 128, 132 (Wyo.2000)).

DISCUSSION
[¶ 8] The hearing examiner concluded that Finley had failed to carry his burden of establishing that he had suffered a compensable injury[1]:
An employee-claimant in a worker's compensation case has the burden to prove all the statutory elements which comprise a compensable injury by a preponderance of the evidence. Hanks v. City of Casper, 2001 WY 4, ¶ 6, 16 P.3d 710, ¶ 6 (Wyo. 2001); Sherwin-Williams Company v. Borchert, 994 P.2d 959, 963 (Wyo.2000); Thornberg v. State ex rel. Wyoming Workers' Compensation Division, 913 P.2d 863, 866 (Wyo.1996). This includes establishing the cause of the condition for which compensation is claimed and proving that the injury arose out of and in the course of employment. Wesaw v. Quality Maintenance, 2001 WY 17, ¶ 10, 19 P.3d 500, ¶ 10 (Wyo.2001); Hanks, ¶ 6; State ex rel. Wyoming Workers' Compensation Division v. Espinoza, 924 P.2d 979, 981 (Wyo.1996).
Bruns v. TW Services, Inc., 2001 WY 127, ¶ 12, 36 P.3d 608, 613 (Wyo.2001).
An injury "aris[es] out of" the employment when a causal connection exists between the injury and the conditions under which the work is required to be performed. [Kiger v. Idaho Corporation, 85 Idaho 424, 380 P.2d 208, 210 (Idaho 1963).] Under these guidelines, "if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment." Id. (quoting Eriksen v. Nez Perce County, 72 Idaho 1, 235 P.2d 736, 738-39 (Idaho 1951)). An injury is not compensable if it cannot fairly be traced to the employment as a contributing cause and if it comes from a hazard that the employee would have been equally exposed to outside of the employment. 380 P.2d at 210-11.
State ex rel. Wyoming Workers' Safety and Compensation Division v. Bruhn, 951 P.2d 373, 376-77 (Wyo.1997); see also Yenne-Tully v. State ex rel. Wyoming Workers' Safety and Compensation Division, 2002 WY 90, ¶ 11, 48 P.3d 1057, 1062 (Wyo.2002).
[¶ 9] We need not consider any of the evidence relating to Finley's history of alcohol abuse or the medical records ascribing Finley's seizure to a syncopal event caused by alcohol withdrawal in order to uphold the hearing examiner's conclusion that Finley failed to meet his burden of proof. Finley's case that he suffered a compensable injury rests entirely upon the fact that the injury occurred while he was at work. Presence on an employer's premises is insufficient by itself to establish the requisite nexus between the injury and employment. Matter of Injury to Corean, 723 P.2d 58, 60 (Wyo.1986); 1 Modern Workers Compensation, Employment Connection § 110:7 at 17 (1993) (citing Corean); see also 82 Am.Jur.2d Workers' Compensation § 249 at 238 (2003). As we noted in Corean, a claimant's burden to establish a compensable injury pursuant to Wyo. Stat. Ann. § 27-14-102(a)(xi) (LexisNexis 2005) encompasses two distinct concepts:
The critical statutory phrase emphasized above [the definition of "injury"] is found in the worker's compensation statutes of *189 most states. The courts in these states recognize a subtle distinction between the phrases "arising out of" employment and "in the course of employment." An accident arises out of employment if it is causally connected to the employment; it occurs in the course of employment if it occurs at the time or place, or under the circumstances of the employment. 1 A. Larson, Workmen's Compensation Law § 6.10 at 3-3 (1985). In a majority of the states, when an employee is hurt on the employer's premises, it is conclusively established under the premises rule that the employee was acting within the course of his employment. Id., § 15.00 at 4-3. This does not mean, however, that the worker is necessarily entitled to benefits. He still must show that the harm arose out of his employment, i.e., was causally connected to his employment. Id., § 12.32 at 3-348.79.
Corean, 723 P.2d at 60. Accordingly, we rejected a contention that a causal nexus between an employee's injury and his employment should be conclusively established based solely upon the fact that the injury occurred on the employer's premises. Id. at 60-61; see also Richard v. State ex rel. Worker's Compensation Division, 831 P.2d 244, 247 (Wyo.1992); State ex rel. Worker's Compensation Division v. Miller, 787 P.2d 89, 90 (Wyo.1990); and Archuleta v. Carbon County School District No. 1, 787 P.2d 91, 93-94 (Wyo.1990). The sum total of Finley's evidence is that he was at work, suffered some sort of seizure or blackout, and fell striking his head on the ground. Finley makes no argument, and our review of the record discloses no evidence, that any condition of his employment was the cause of his injury. In the absence of such evidence, Finley has failed to establish that his injury "arose out of" his employment. Accordingly, the hearing examiner correctly concluded that Finley had failed to carry his burden and establish that he suffered a compensable injury.
[¶ 10] The district court order affirming the hearing examiner's denial of benefits is affirmed.
NOTES
[1] Wyo. Stat. Ann. § 27-14-102(a)(xi) (LexisNexis 2005) defines "injury" as:

... any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extra hazardous duties incident to the business.