**F. W. A. DRILLING COMPANY and Argonaut–Southwest Insurance Company, Petitioners,**

**v.**

**Weldon L. ULERY and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 45818.**

Supreme Court of Oklahoma.

July 10, 1973.

E. W. Keller, Oklahoma City, for petitioners.

Bay, Hamilton, Renegar & Lees, by Andrew L. Hamilton, Oklahoma City, for respondents.

SIMMS, Justice.

Claimant filed claim for compensation for accidental injury occurring February 2, 1972, in a covered employment. Petitioners, Employer, and the Insurance Company, hereinafter referred to as employer, denied that the injury arose out of and in the course of employment. The cause was heard on the issue of temporary total disability and medical expenses. The trial judge entered an order awarding compensation and medical expenses. This order was affirmed on appeal en banc and the employer brought this proceeding for review.

The sole issue concerns correctness of the order finding claimant's injury arose out of and in course of employment. The employer contends claimant was neither on the job nor actually in furtherance of employment when injured, so that no causal connection existed between conditions under which work was required to be performed and resulting injury.

Claimant was a member of the employer's drilling crew, on the 3–11 p. m. shift, drilling a well approximately sixty miles away from his home in Woodward, Oklahoma. Claimant had been employed originally by a driller named Carroll who provided transportation to and from the well site. Carroll quit, and was replaced by another driller named Green. Green continued to transport the crew to and from work, for which service the employer paid Green twelve cents per mile.

February 2nd was cold and icy, and the crew left for work earlier than customary, due to weather conditions. About one o'clock p. m., Green stopped in claimant's driveway in a pickup truck, the rear of which was covered with a "shell camper." Crew members normally placed their belongings in the rear and rode in the cab. Claimant walked to the rear of the truck, raised the camper door, and started to place his clothing and lunch box in the truck. While so engaged, claimant slipped and fell to the ground, fracturing his hip. He was subsequently hospitalized. There is no issue as to the cause and extent of the injury, or claimant's resulting disability.

The employer cites Tulsa v. Morrison, Okl., 312 P.2d 886 (1957); and, Novak v. McAlister, Okl., 301 P.2d 234 (1956), for the general rule that an injury does not arise out of and in the course of employment if the injury is sustained while going to or coming from the employer's premises. In support of the applicability of this rule and the cited cases, the employer asserts the following facts: claimant fell at

his home; he had not been on the employer's premises; he had not commenced work or pay time; he was doing nothing incidental to his employment at the time of his injury.

Claimant cites Allison, Inc. v. Boling, 192 Okl. 213, 134 P.2d 980 (1934), which recognizes two exceptions to the general rule: (1) where transportation to and from work is furnished by the employer; (2) where an employee is charged with a work-connected duty or task while traveling to and from work. The employer argues that claimant's acts at the time of the injury were not work-connected and thus do not come within either of the exceptions.

The rule against compensability of injuries sustained while an employee is going to and coming from work is well established. This rule results primarily from the fact that going to and coming from work is the product of an employee's own decision of where he desires to live, a matter ordinarily of no interest to the employer. However, the nature of employment sometimes is such that the employer is compelled to furnish the transportation. See, Larson, Workmen's Law, Sec. 15; et seq.

■ Thus, the general rule has been limited by recognizable exceptions: (1) where ingress and egress to premises has been constructed by the employer, or is the only means provided, Swanson v. General Paint Co., Okl., 361 P.2d 842 (1961); (2) where an employee is charged with a special task or duty or is engaged in a dual purpose trip, Allison, Inc. v. Boling, *supra*; (3) where the employer furnishes transportation, or where the work creates necessity for travel. Chas. H. Sanford, Inc. v. Gregory, Okl., 303 P.2d 1112 (1956). The instant case falls within the third exception. However, the employer's position is that the injury occurred while the employee was in his own driveway, and before he actually entered the transportation provided by the employer. Therefore, the employer asserts, claimant simply was carrying out a personal mission, was not on his way to work, and is not covered by any exception to the general rule.

We are of the opinion that the argument of the employer attempts, by a too finely drawn analysis, to differentiate between necessities of employment, and conditions under which work was required to be performed. Without question, the major factor for the employee's attempted travel was the employer's work. The employer saw fit to furnish transportation for the sixty-mile trip to the site. The employee had to bring his lunch because food was not available on the site and the practice was for the employees to bring clothing to be worn during actual work. The conditions under which claimant's work was to be performed required these things be taken to the job site. The injury which occurred was inextricably connected with the necessities created by the work to be performed.

Claimant's injury occurred under conditions as incidental to his employment as an injury which might have resulted from falling while attempting to enter the truck to begin the journey to the job site. From these circumstances the trial court correctly determined causal connection between conditions under which the work was required to be performed and claimant's injury.

Award sustained.

All the Justices concur.