2005 WY 23

**Michael E. BERG, Appellant (Claimant/Respondent),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Petitioner).**

**No. 04–78.**

Supreme Court of Wyoming.

Feb. 25, 2005.

Representing Appellant: David A. Drell of Vlastos, Henley & Drell, P.C., Casper, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; and Kristi M. Radosevich, Assistant Attorney General. Argument by Ms. Radosevich.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and JAMES, D.J.

HILL, Chief Justice.

[¶ 1]  The Office of Administrative Hearings determined that Michael E. Berg quali-

fied for workers' compensation benefits because he had suffered a compensable work-related injury when his co-worker's vehicle, in which he was a passenger, was involved in an accident while traveling from the worksite to lodging provided by the employer. The District Court reversed that decision. We affirm the order of the District Court.

## ISSUES

[¶ 2] In his brief, Berg sets forth the following statement of the issues:

1. Whether the February 4, 2004 Order reversing the decision of the Office of Administrative Hearings is arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.

2. Whether the decision of the Office of Administrative Hearings awarding benefits is supported by substantial evidence and whether such decision is arbitrary and capricious and otherwise not in accordance with law.

The Wyoming Workers' Safety and Compensation Division (the Division) replies with these statements:

I. Appellant, Michael E. Berg, was traveling from employment in a co-worker's vehicle when he sustained back injuries. Mr. Berg was not reimbursed for travel expenses, nor was he eligible for reimbursement. These facts are undisputed. Wyo. Stat. § 27–14–102(a)(xi)(D), provides that injuries sustained while traveling to or from employment are not compensable unless the employee is reimbursed for travel expenses or transported in a vehicle of the employer. Notwithstanding the undisputed facts, the hearing examiner found Mr. Berg's injuries were compensable pursuant to Wyo. Stat. § 27–14–102(a)(xi)(D). Did the hearing examiner fail to correctly apply Wyo. Stat. § 27–14–102(a)(xi)(D)?

II. The hearing examiner found Mr. Berg was "required" to stay at the camp provided by his employer. Based on this finding, the hearing examiner determined Mr. Berg's injuries occurred within the course of his employment and are, therefore, compensable. Is the hearing examiner's decision supported by substantial evidence?

## FACTS

[¶ 3] Berg was employed by Cyclone Drilling as a floor hand and was assigned to a drill site near Big Piney, Wyoming. Cyclone's employees worked a seven days on, seven days off shift. Since the drill site was located about a four-hour drive from Berg's home, daily commutes were impractical. Cyclone maintained a campsite consisting of two trailers about 30 miles from the Big Piney drill site for the convenience of the employees. The campsite was available free of charge but the employees were required to comply with certain conditions, including no drugs, alcohol, or guns on the premises. Cyclone did not require its employees to stay at the camp as a condition of employment. Since there was a scarcity of alternative housing in the drill site area, many of the employees elected to stay at the camp. Cyclone benefited from the arrangement as use of the camp reduced commute times, allowing for more rested workers.

[¶ 4] On September 19, 2001, Berg and his co-workers on the drilling crew met outside of Casper to drive to the drill site to begin their shift. Berg accepted a ride with a co-worker, Dennis Tintinger (Tintinger). The vehicle was owned and operated by Tintinger. Neither Berg nor Tintinger were paid for their time or mileage for traveling to or from the drill site, and they did not transport any of their employer's property. The crew drove directly to the drill site and worked a 12–hour shift. After clocking out, Berg rode in Tintinger's vehicle to the campsite. Tintinger fell asleep approximately 50 feet from the campsite causing the vehicle to run off the road. Berg suffered a severe back injury that eventually necessitated fusion surgery.

[¶ 5] Berg filed a report of injury with the Division claiming that he had suffered a work-related injury. The Division issued a Final Determination denying benefits, citing the statutory definition of a compensable injury found at Wyo. Stat. Ann. § 27–14–102(a)(xi)(D), which excludes from coverage any such injury sustained while traveling to or from employment, unless the employee is reimbursed for his travel expenses or was

transported in a vehicle belonging to the employer. Berg objected and a hearing was held before the Office of Administrative Hearings. Berg and the Division presented witnesses and exhibits. The hearing examiner concluded that Berg was entitled to benefits because he had proved by a preponderance of the evidence that he had suffered an injury during the scope of his employment. Specifically, the hearing examiner found that Berg was required by Cyclone to stay at the camp as a condition of his employment and, hence, there was a "nexus between the injury and some condition, activity, environment or requirement of [his] employment."

[¶ 6] The Division appealed the hearing examiner's decision to the District Court, which reversed. The court concluded that there was not substantial evidence to support the hearing examiner's finding that Berg was required to stay at the camp. The court held that there was no nexus or causal connection between Berg's injury and his employment. Berg has appealed that determination to this Court.

## STANDARD OF REVIEW

[¶ 7] Our review of an administrative decision is limited to those matters specified in Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2003):

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

The standard of review we apply when both parties present evidence at an administrative hearing was set forth in *Newman v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 2002 WY 91, 49 P.3d 163 (Wyo.2002).

In appeals where both parties submit evidence at the administrative hearing, *Newman* mandates that appellate review be limited to application of the substantial evidence test. *Newman*, 2002 WY 91, ¶ 22, 49 P.3d 163. This is true regardless of which party appeals from the agency decision. In addition, this court is required to review the entire record in making its ultimate determination on appeal. *Newman*, at ¶ 19 and ¶¶ 24–26.

The substantial evidence test to be applied is as follows:

"In reviewing findings of fact, we examine the entire record to determine whether there is substantial evidence to support an agency's findings. If the agency's decision is supported by substantial evidence, we cannot properly substitute our judgment for that of the agency and must uphold the findings on appeal. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. It is more than a scintilla of evidence."

*Newman*, at ¶ 12 (*quoting State ex rel. Workers' Safety and Compensation Div. v. Jensen*, 2001 WY 51, ¶ 10, 24 P.3d 1133, ¶ 10 (Wyo.2001)).

Even when the factual findings are found to be sufficient under the substantial evidence test, *Newman* further concludes this court may be required to apply the arbitrary-and-capricious standard as a "safety net" to catch other agency action which prejudiced a party's substantial right to the administrative proceeding or which might be contrary to the other [Wyoming Administrative Procedural Act] review standards.

*Loomer v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 2004 WY 47, ¶ 15, 88 P.3d 1036, ¶ 15 (Wyo.2004).

## DISCUSSION

[¶ 8] We begin with the language of Wyo. Stat. Ann. § 27–14–102(a)(xi)(D) (LexisNexis 2003), which provides:

(a) As used in this act:

. . . .

(xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. "Injury" does not include:

. . . .

(D) Any injury sustained during travel to or from employment unless the employee is reimbursed for travel expenses or is transported by a vehicle of the employer.

We have construed the introductory paragraph of § 27–14–102(a)(xi) to require that there be some causal nexus between an injury and some condition, activity, environment, or requirement of the employment for an injury to be compensable under the Worker's Compensation Act. *Archuleta v. Carbon County School District No. 1,* 787 P.2d 91, 92 (Wyo.1990); *see also State ex rel. Wyoming Workers' Compensation Division v. Barker,* 978 P.2d 1156, 1161 (Wyo.1999). With re-

gard to subsection (D), we have found that the language used is unambiguous. *Lloyd v. State ex rel. Wyoming Workers' Safety and Compensation Division,* 2004 WY 85, ¶ 13, 93 P.3d 1001, ¶ 13 (Wyo.2004). Subsection (D) is the codification of "a long-standing common law rule that injuries incurred while either going to or coming from work are not compensable unless the employer has in some fashion provided the employee with transportation or has reimbursed him for the costs of those travels." *Archuleta,* 787 P.2d at 92–93; *Claims of Naylor,* 723 P.2d 1237, 1241 (Wyo.1986). As we stated in *Archuleta,* in terms of our "nexus test," subsection (D) of § 27–14–102(a)(xi) "constitutes a legislative determination that, while no compensable nexus with the employment is generally present when an employee is traveling between home and work, such a nexus is created where the employer has assumed the cost of that travel." *Id.*

[¶ 9] With that context in mind, we turn to Berg's arguments. He presents two arguments in justification of the hearing examiner's determination that his injury was compensable. First, he argues that the free accommodations provided by Cyclone constituted compensation or reimbursement for travel expenses under Subsection (D). Berg acknowledges that neither he nor Tintinger was reimbursed for mileage. However, he counters that the statute encompasses other forms of reimbursement because it uses the phrase, "travel expenses," not "mileage." To support this contention, Berg cites parts of the Internal Revenue Code wherein the term "travel expenses" is defined to include amounts "expended for meals and lodging," 26 U.S.C.A. § 162(a)(2) (2002), and the cost of the lodging furnished by an employer, or on behalf of an employer, for the convenience of the employee is excluded from the employee's gross income, 26 U.S.C.A. § 119(a) (2002).

[¶ 10] Our precedent has consistently held that § 27–14–102(a)(xi)(D) requires reimbursement for transportation expenses or the employee is not considered within the scope of his employment. *Archuleta,* 787 P.2d at 92–93; *Claims of Naylor,* 723 P.2d at 1241; *Matter of Willey,* 571 P.2d 248, 251 (Wyo.1977). There is no evidence in the rec-

ord that Berg or Cyclone considered staying at the camp as a form of compensation for travel expenses. Indeed, as the District Court points out, all witnesses, including Berg, agreed that neither he nor Tintinger were reimbursed or compensated in any way for their travel. In the absence of any showing that his employer was to compensate Berg for his travel to the camp after he had clocked out of the job, we cannot conclude that Berg was acting within the scope of his employment when he was injured. *Naylor,* 723 P.2d at 1243.

[¶ 11] Furthermore, Berg's reliance on a definition of "travel expenses" lifted from the Internal Revenue Code is simply not persuasive. Berg fails to adequately explain why we should apply a definition derived from a statutory context—the federal tax laws—that has a purpose that is very different from Wyoming's worker compensation laws. Under the circumstances, we cannot conclude that the free accommodations offered by Cyclone constitute a "travel expense" within the meaning of that term as used in § 27–14–102(a)(xi)(D).

[¶ 12] In his second argument, Berg contends that the hearing examiner's determination that the injury was compensable was justified because the injury he suffered while traveling from the drill site to the camp arose out of and was in the course of his employment pursuant to § 27–14–102(a)(xi), since he was required to stay at the camp by his employer to whose control he was subjected while on the premises. We do not agree.

[¶ 13] In *Chapman v. Meyers,* 899 P.2d 48 (Wyo.1995), the claimant Chapman commuted daily with three co-employees from a motel in Craig, Colorado, to their work site, a drilling rig. *Id.* at 50. The opinion does not disclose whether or not the employer paid for the motel accommodations. Neither Chapman nor his co-employees were reimbursed for travel to and from the drill site or paid a travel allowance as part of their wages. *Id.* After finishing his shift, Chapman left the drill site in a vehicle owned by the wife of a co-employee. *Id.* The road from the drill site was a snow-packed, two-lane, graveled public road through a mountainous area. *Id.* Ap-

proximately one mile from the drill site, the vehicle collided head-on with a truck, resulting in severe injuries to Chapman. *Id.* The hearing examiner determined that Chapman was not in the course and scope of his employment and was, therefore, denied benefits. *Id.* at 49. On appeal, Chapman contended that his employer "required, and contemplated" that its employees would not be able to live at the drill site and they would, of necessity, have to live in Craig and commute to the work site. *Id.* at 50. Accordingly, Chapman insisted, there was a sufficient nexus between the injury and his employment to justify compensation. *Id.* We summarily rejected Chapman's argument:

> Under the factual circumstances outlined above, we are not persuaded Chapman was in the course and scope of his employment merely while driving to and from the work site under what can only be described as relatively typical (in Wyoming/Colorado) commuting circumstances.

*Chapman,* 899 P.2d at 50–51.

[¶ 14] Berg attempts to distinguish *Chapman* by arguing that there was no evidence of the employees' motel expenses being paid by their employer, while here it was established that the employer provided the accommodations. The record shows, however, that Berg was not required to stay at the camp. Berg's supervisor, Greg Garton, and Cyclone's head of operations, Patrick Hladky, testified that it was not a condition of employment that employees stay at the camp. The camp was a benefit provided to the employees that they could use at their discretion. Berg did not dispute this testimony and admitted that he was not aware of any policy requiring him to stay at the camp. Berg attempts to neutralize that testimony by arguing that he was "effectively" required to stay at the camp because there were no viable, alternative housing facilities within a reasonable distance of the drill site. Berg cites the testimony of Garton, declaring that motel accommodations in the nearest town, Big Piney, were minimal at best and always booked. Nevertheless, the fact is that the employees were not required to stay at the camp. While the camp may have been the most practical and convenient option, that did

not mean that Berg could not have stayed elsewhere. There is no evidence in the record that other lodging options were not available. Practicality and convenience do not create an employer mandate. Our holding in *Chapman* applies equally to the situation before us in this case. We are not persuaded that Berg was in the course and scope of his employment at the time of his injury.

## CONCLUSION

[¶ 15] The hearing examiner's decision finding that Berg had sustained a compensable injury was not supported by substantial evidence. The District Court's order reversing the hearing examiner is affirmed.