2006 OK CIV APP 136

**Cheryl L. LOVE, Petitioner,**

v.

**BIPO, INC., Westport Insurance Corporation, and Workers' Compensation Court, Respondents.**

**No. 102790.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 3, 2006.

Walt Brune, Walt Brune, P.C., Stacey A. Lobaugh, Boettcher, Boettcher & Lobaugh, Ponca City, OK, for Petitioner.

John B. Vera, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for Respondents.

JOHN F. REIF, Judge.

¶1 The sole issue presented on review is whether Cheryl Love's injury to her left leg and left foot arose out of and in the course of her employment with BIPO, Inc. The material facts are not in dispute. Ms. Love was injured in a fall on snow and ice as she crossed a street from her home to her employer's car for a ride to work. Employer offered the ride to Ms. Love and other employees who were either unable or reluctant to travel due to the snow and ice conditions. Employer testified Ms. Love and other employees were free to accept or decline the ride that included a ride home from work as well. Despite this choice, Ms. Love thought it was pretty important to go to work as a matter of attitude and the production that needed to go out that day. Ms. Love indicated that the person who usually gave her a ride to work had also accepted Employer's ride.

¶2 The trial court said the issue of whether Ms. Love's injury arose out of and in the course of employment was a question of law. The trial court ruled Ms. Love's injury did not occur in a "scheme of employer provided travel" or "as part of a special mission," because riding to work with someone else was part of her regular work schedule. On Ms. Love's appeal to a three-judge panel, a majority of the panel affirmed the denial of the claim. Ms. Love seeks review.

¶3 Upon review, we agree with the trial court's determination that the issue of whether this injury arose out of and in the course of employment is a question of law, since the material facts bearing on the decision are undisputed. *Lanman v. Oklahoma County Sheriff's Office,* 1998 OK 37, ¶6, 958 P.2d 795, 798. However, following our de novo review of the applicable law, we disagree with the trial court's legal conclusion.

■ ¶4 As a general rule, an injury does not arise out of and in the course of employment if the injury is sustained while going to or coming from the employer's premises. *F.W.A. Drilling Co. v. Ulery,* 1973 OK 82, ¶5, 512 P.2d 192, 193. However, this general rule is subject to an exception "where transportation to and from work is furnished by the employer." *Id.* at ¶6, 512 P.2d at 194.

■ ¶5 In the case at hand, Employer argues that the ride offered to Ms. Love and other employees was not employer-furnished transportation as contemplated by *F.W.A. Drilling Co.,* but was instead, merely an accommodation or act of courtesy to its employees. Employer points out that injuries sustained in the course of accommodation or courtesy transportation do not arise out of and in the course of employment as recognized in *Nineteenth Seed Co. v. Townsend,* 1964 OK 183, ¶13, 394 P.2d 531, 534. In this case, the Supreme Court reversed an award of benefits to a worker who was injured during a ride to a nearby bus stop in a company vehicle at the end of the work day. The Court concluded claimant's injury did not arise out of and in the course of employment, because "[t]he transportation furnished here was entirely gratuitous." *Id.* at ¶14, 394 P.2d at 534.

¶6 The Court in the *Nineteenth Seed Co.* case determined that the ride to the bus stop at the end of the work day was not in the course of employment because "[i]t was not something connected with the objectives of the company." *Id.* at ¶9, 394 P.2d at 533. The Court determined that the ride to the bus stop did not satisfy the arise out of criteria because claimant had "quit work for the day, was engaged in [her] own enterprise, with no thought in mind to accomplish any objective for the employer." *Id.* at ¶10, 394 P.2d at 533.

¶7 Here the ride offered by Employer could certainly be considered gratuitous, an accommodation or a courtesy in the sense that Employer did not normally provide transportation and did not have to provide transportation. However, the Employer *did* decide to provide transportation to employees who would accept the transportation.

¶8 To be sure, this transportation benefitted the employees who accepted the ride both in terms of the travel provided and the opportunity to work and earn wages. However, it was also "connected with the objectives of the company" to assemble a workforce. Furthermore, unlike the claimant in the *Nineteenth Seed Co.* case, Ms. Love was not "engaged in [her] own enterprise, with no

thought in mind to accomplish any objective for the employer." *Id.*

¶ 9 We believe the case at hand is more closely analogous to F.W.A. Drilling Co. where an employee's injury while loading his work-related belongings in employer-provided transportation was found to be compensable. In F.W.A. Drilling Co., the employer contended claimant was neither on the job nor actually in furtherance of employment when injured. The employer argued claimant "was doing nothing incidental to his employment at the time of his injury." 1973 OK 82, ¶ 5, 512 P.2d at 194. The Oklahoma Supreme Court disagreed, observing "the argument of the employer attempts, by a too finely drawn analysis, to differentiate between necessities of employment, and conditions under which work was required to be performed." *Id.* at ¶ 9, 512 P.2d at 194. In ruling the claimant's injury was compensable, the Court said, "Without question, the major factor for the employee's attempted travel was the employer's work [for which] employer saw fit to furnish transportation."

¶ 10 Employer herein recognized that many of his employees could not or would not venture out in the weather conditions and decided to provide transportation *that day* for any employee who wanted to work. While there was no "scheme of employer provided travel" as the trial court observed, the employer-provided transportation was a "necessity of employment" *that day* and her employer's work was the major factor for Ms. Love's travel *that day*. We must conclude Ms. Love was in the course of her employment as she crossed the snow and ice-covered street to avail herself of the employer-provided transportation.

■ ¶ 11 We also find Ms. Love's injury arose out of her employment as well. Unlike the nurse in *Odyssey/Americare of Oklahoma v. Worden,* 1997 OK 136, 948 P.2d 309, who fell on her own property before doing anything related to her work, Ms. Love had left her property and was crossing a public street to reach the employer-provided transportation.

¶ 12 It is not clear why Employer chose to wait at the location he did for Ms. Love to access his vehicle, but it was Employer's choice, not Ms. Love's, that brought her into the street to avail herself of the employer-provided transportation. When an employee must of necessity cross a public street in order to avail herself of an employer-provided facility or employment assistance, like transportation, hazards encountered in crossing the street constitute employer-created hazards; an injury suffered while crossing a street under such circumstances arises out of and in the course of employment. *See Fudge v. University of Oklahoma,* 1983 OK 67, 673 P.2d 149. Like the *F.W.A. Drilling Co.* case, the focus in the *Fudge* case was on the work-related necessity of the claimant's activity at the time of the injury.

¶ 13 In conclusion, we hold that Ms. Love's injury arose out of and in the course of employment as a matter of law, because it occurred as the result of necessary activity related to utilizing the employer-provided transportation. In reaching this holding, we are cognizant that Employer may feel he is being penalized for an act that was done out of kindness and concern for his employees; however, it was an act that *also* benefitted his business operation and involved risk of injury to his employees. There is no requirement that the employer-provided travel be for the exclusive benefit of the employer.

¶ 14 The trial court erred as a matter of law in denying Ms. Love's claim on the ground that the injury did not arise out of and in the course of her employment and the three-judge panel majority erred as a matter of law in affirming that denial. The three-judge panel order affirming the denial of the claim is vacated and this case is remanded with directions to enter an order finding Ms. Love's claim compensable and for further proceeding to determine the benefits to which she may be entitled.

¶ 15 VACATED AND REMANDED WITH DIRECTIONS to find claim compensable and for further proceedings.

RAPP, V.C.J., and GABBARD, P.J., concur.