2007 WY 91

Donald S. QUINN, Appellant (Claimant),

v.

SECURITAS SECURITY SERVICES, Appellee (Respondent).

No. 06–194.

Supreme Court of Wyoming.

May 30, 2007.

Representing Appellant: Bill G. Hibbler, Bill G. Hibbler, P.C., Cheyenne, Wyoming.

Representing Appellee: Keith R. Nachbar, Keith R. Nachbar, P.C., Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] In this worker's compensation appeal, Donald S. Quinn challenges the denial of benefits for injuries he sustained while traveling to work. He contends the hearing examiner erred by entering summary judgment in favor of his employer, Securitas Security Services ("Securitas"). Mr. Quinn asserts he was being transported by a vehicle of his employer when he was injured and, as a result, his injuries are compensable pursuant to Wyo. Stat. Ann. § 27–14–102(a)(xi)(D). The district court affirmed the summary judgment. We also affirm.

### ISSUE

[¶ 2] Was Mr. Quinn injured while he was traveling in a vehicle of his employer pursuant to Wyo. Stat. Ann. § 27–14–102(a)(xi)(D)?

### FACTS

[¶ 3] The facts are not in dispute. Securitas employed Mr. Quinn as a security guard/EMT and assigned him to the North Antelope Rochelle Coal Mine ("mine") in Campbell County. Securitas provided services to the mine pursuant to a contract. As a courtesy, the mine permitted Securitas' employees to ride a bus that the mine provided for its employees. The mine arranged bus transportation from Douglas to Gillette, through Powder River Bus Company ("Powder River"). Securitas did not have any

agreement with Powder River and did not pay any amount for bus transportation.

[¶ 4]   Mr. Quinn was informed during the hiring process that he would have the option of riding the mine's bus if he desired.   He considered the bus transportation an important benefit because he commuted to the mine from his home in Glendo, Wyoming. Mr. Quinn claims he would not have accepted employment with Securitas if such transportation had not been available.

[¶ 5]   On July 22, 2004, Mr. Quinn was riding the bus from Douglas to Gillette, via Highway 59, heading to the mine to report for his evening shift.   The bus collided with another vehicle and rolled.   Mr. Quinn sustained injuries to his head, left arm, back, left ribs and left hip.   He sought worker's compensation benefits for his injuries.

[¶ 6]   Securitas objected to Mr. Quinn's claim, asserting that he was not in the course and scope of his employment at the time of the bus accident.   The matter was referred to the Office of Administrative Hearings (OAH) for contested case proceedings.   Both parties moved for summary judgment, and the hearing officer heard oral argument on the motions.   The hearing officer concluded that the parties' cross-motions for summary judgment presented no issues of material fact and involved only questions of law.   The hearing officer granted summary judgment to Securitas and denied Mr. Quinn's motion for summary judgment.   Mr. Quinn appealed to the district court, which affirmed the OAH decision.   This appeal followed.

### STANDARD OF REVIEW

[¶ 7]   We review agency action pursuant to Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2005).   We "[h]old unlawful and set aside agency action, findings and conclusions found to be … [a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."   Wyo. Stat. Ann. § 16–3–114(c)(ii)(A).   We afford no deference to the district court's decision and, instead, review the case as if it came directly from the agency.   *Newman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2002 WY 91, ¶ 7, 49 P.3d 163, 166 (Wyo.2002).

The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are questions of law, which we review *de novo*.   *Alcorn v. Sauer Drilling Co.*, 2006 WY 15, ¶ 6, 126 P.3d 924, 925 (Wyo.2006).

[¶ 8]   The summary judgment procedures set forth in W.R.C.P. 56 apply to worker's compensation cases, and we apply our well-established standard for reviewing summary judgments.   *Chavez v. Mem'l Hosp. of Sweetwater County*, 2006 WY 82, ¶ 6, 138 P.3d 185, 188 (Wyo.2006).   The purpose of summary judgment is to dispose of suits before trial that present no genuine issue of material fact.   *Id.*   Summary judgment motions are determined under the following language from W.R.C.P. 56(c):

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

This Court reviews a summary judgment in the same light as the district court, using the same materials and following the same standards.   *Chavez*, ¶ 6, 138 P.3d at 188.   We view the record from the vantage point most favorable to the party who opposed the motion and give that party the benefit of all favorable inferences that may fairly be drawn from the record.   *Id.*

### DISCUSSION

[¶ 9]   We begin our analysis with the language of Wyo. Stat. Ann. § 27–14–102(a)(xi)(D) (LexisNexis 2003), which provides:

> (xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties in-

cident to the business. **"Injury" does not include:**

. . .

**(D) Any injury sustained during travel to or from employment unless the employee is reimbursed for travel expenses or is transported by a vehicle of the employer;**

(Emphasis supplied.) Mr. Quinn asserts that his injuries are not excluded from worker's compensation coverage by this statute because the second exception stated in subsection (D) applies. Thus, our focus in resolving this appeal is upon the "transported by a vehicle of the employer" language in Wyo. Stat. Ann. § 27–14–102(a)(xi)(D). Because the undisputed facts demonstrate Mr. Quinn was traveling to work when he was injured, his injuries are not compensable unless he was being transported by a vehicle of his employer.

[¶ 10] The hearing officer granted Securitas' motion for summary judgment, finding as a matter of law that Mr. Quinn was injured while traveling to work and that the bus was not a vehicle of Securitas. Mr. Quinn contends the hearing officer's determination was erroneous and maintains that he was in the course of his employment when he was injured. He reasons that his injuries are compensable because Securitas provided transportation for its employees. According to Mr. Quinn, proper interpretation of the contract establishes that at the time he was injured, he was being transported by a vehicle of his employer as contemplated by Wyo. Stat. Ann. § 27–14–102(a)(xi)(D).

[¶ 11] We have previously construed the definition of injury provided by Wyo. Stat. Ann. § 27–14–102(a) and the exclusion set forth in subsection (D) of that statute. An injury within the meaning of the statute requires a causal nexus between the injury and some condition, activity, environment or requirement of the employment. *Archuleta v. Carbon County Sch. Dist. No. 1,* 787 P.2d 91, 92 (Wyo.1990). Generally, this causal nexus is lacking when an employee is traveling to work. *Id.,* 787 P.2d at 93. Subsection (D) codified this long-standing common law rule that injuries incurred while either going to or coming from work are not

compensable. It also codified the recognized exceptions to the general rule. Those exceptions find a causal nexus where the employer has in some fashion provided the employee with transportation or has reimbursed him for the costs of those travels. *Berg v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2005 WY 23, ¶ 8, 106 P.3d 867, 871 (Wyo. 2005); *Archuleta,* 787 P.2d at 92; *In re Claims of Naylor,* 723 P.2d 1237, 1241 (Wyo. 1986). The language of subsection (D) of this statute is unambiguous. *Berg,* ¶ 8, 106 P.3d at 871; *Lloyd v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2004 WY 85, ¶ 13, 93 P.3d 1001, 1004 (Wyo.2004).

[¶ 12] Relying upon our decision in *Berg,* Mr. Quinn argues that his injuries are compensable because Securitas "provided transportation" for its employees "in some fashion." He asserts that he was being "transported by a vehicle of the employer" within the meaning of Wyo. Stat. Ann. § 27–14–102(a)(xi)(D) when he was riding the bus to the mine. In Mr. Quinn's analysis, he equates the contract between the mine and Securitas to a negotiated contract securing transportation for Securitas employees. However, the contract language does not support his theory. The contract between Securitas and the mine provides, in pertinent part:

[Securitas] personnel, at their risk and discretion, may ride bus transportation provided by the [mine] for the convenience of their employees. The [mine] does not warrant or represent in any manner the safety or availability of such bus service. The unavailability of such bus service shall not excuse or alter [Securitas'] responsibility hereunder. The [mine] reserves the right at any time and for any reason (including space availability or their own convenience) to deny such privilege entirely as to [Securitas].

We agree with the hearing officer that this contractual provision does not demonstrate Securitas provided transportation for its employees.

[¶ 13] The mine could discontinue bus transportation or revoke its permission at any time, and doing so would not affect Secu-

ritas' obligations under the contract. Securitas did not control, operate, or pay for the bus transportation. As was made clear by the deposition of its branch manager, Securitas did not have any knowledge or control over the details of the bus transportation. The mine arranged for the bus for its own employees, and the bus was operated by Powder River. Mr. Quinn was not required to ride the bus as a condition of his employment. When he opted to do so, it was without specific direction or knowledge of Securitas. He was not compensated for the time he spent on the bus.

[¶ 14] Mr. Quinn emphasizes his reliance upon the transportation in accepting employment with Securitas. However, Mr. Quinn's use of, or reliance upon, the bus does not transform it into a vehicle of Securitas. We find these circumstances similar to those presented in *Berg*, where we recognized that a benefit provided to employees for use at their discretion does not constitute a condition of employment. ¶ 14, 106 P.3d at 872. This is so even if the benefit is "the most practical and convenient option." *Id.* Here, the record simply does not reflect that Securitas "assumed the cost of that travel." *Archuleta*, 787 P.2d at 93. Therefore, the general rule applies, and the injuries Mr. Quinn suffered while he was traveling to work are not compensable. *Id.*

### CONCLUSION

[¶ 15] We find that the injuries Mr. Quinn suffered in the bus accident are not compensable. He was traveling to work when he was injured, and the bus was not a "vehicle of the employer" under Wyo. Stat. Ann. § 27–14–102(a)(xi)(D). Accordingly, the hearing officer properly granted summary judgment to the employer.

[¶ 16] Affirmed.

HILL, Justice, files a dissenting opinion, in which KITE, Justice, joins.

HILL, Justice, dissenting, in which KITE, Justice, joins.

[¶ 17] I respectfully dissent because I do not agree that Securitas was entitled to summary judgment under the circumstances of this case. The parties basically agree that there are no genuine issues of material fact. The difference in their views is this: Which of the two of them is entitled to judgment as a matter of law? I would remand this matter to the district court, with directions that the district court further remand it to the Office of Administrative Hearings with directions that it enter summary judgment in favor of Quinn.

[¶ 18] It bears repeating here that the worker's compensation system is a constitutional compromise that is intended to benefit both workers and employers. Wyo. Const. art. 10, § 4 provides:

(a) No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person.

(b) Any section of this constitution to the contrary notwithstanding, for any civil action where a person alleges that a health care provider's act or omission in the provision of health care resulted in death or injury, the legislature may by general law:

(i) Mandate alternative dispute resolution or review by a medical review panel before the filing of a civil action against the health care provider.

(c) **Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void.** As to all extrahazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employee. The fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. Monies in the fund shall be expended only for compensation authorized by this section, for administration and management of the Worker's Compensation Act, debt service related to the fund and for workplace safety pro-

grams conducted by the state as authorized by law. The right of each employee to compensation from the fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to the fund in favor of any person or persons by reason of the injuries or death. Subject to conditions specified by law, the legislature may allow employments not designated extrahazardous to be covered by the state fund at the option of the employer. To the extent an employer elects to be covered by the state fund and contributes to the fund as required by law, the employer shall enjoy the same immunity as provided for extrahazardous employments. [Emphasis added.]

The authors of Wyoming's Constitution also singled out workers for special protection in Wyo. Const. art 1, § 22 ("The rights of labor shall have just protection through laws calculated to secure the laborer proper rewards for his service and to promote the industrial welfare of the state."). *Also see Torres v. Wyoming Workers' Safety and Compensation Division,* 2005 WY 7, ¶ 22, 105 P.3d 101, 112 (Wyo.2005).

[¶ 19] Wyo. Stat. Ann. § 27–14–104(b) provides: "No contract, rule, regulation or device shall operate to relieve an employer from any liability created by this act except as otherwise provided by this act." *See* 8 *Larsen's Workers' Compensation Law,* §§ 132.03[3] (Statutes Prohibiting Waiver of Right by Agreement) and 132.04[1] (Public Interest in Full Benefits) (2006). I am not convinced that the contract between Securitas and the coal company has anything to do with this case, but if it does, it runs afoul of the constitutional and statutory prohibition of a contract between a worker and an employer that operates as a waiver of benefits provided by the worker's compensation statutes.

[¶ 20] The majority also rests its decision on Wyo. Stat. Ann. § 27–14–102(a)(xi)(D), which provides that an injury, as contemplated by the Worker's Compensation Act, does not include: "Any injury sustained during travel to or from employment unless the employee is reimbursed for travel expenses or is transported by a vehicle of the employ-

er." The majority concludes that, as a matter of law, the vehicle in which Quinn was riding was not a "vehicle of the employer." I am unable to agree that either *Berg v. Wyoming Workers' Safety and Compensation Division,* 2005 WY 23, 106 P.3d 867 (Wyo.2005), or *Archuleta v. Carbon County School District No. 1,* 787 P.2d 91 (Wyo.1990) speak anything more than tangentially to the circumstances of this case. I do agree that we have repeatedly held that § 27–14–102(a)(xi)(D) is not ambiguous, but we have done so in these words: "Subsection (D) is the codification of a 'long-standing common law rule that injuries incurred while either going to or coming from work are not compensable **unless the employer has *in some fashion* provided the employee with transportation** or has reimbursed him for the costs of those travels.'" *Berg,* ¶ 8, 106 P.3d at 871 [Emphasis added]. My take on the facts of this case is that Securitas was, in its own fashion, providing transportation to Quinn in a vehicle "of the employer." A word of some import here is a very small word that has many meanings and usages, "of." It connotes the "agent or doer of an act or action," "the means or instrument by which an action is carried out," and "a possessive relationship," and maybe a few other things, given the context. *Webster's Third New International Dictionary* 1565 (1986). While "of" is a word of many meanings and usages, that does not create an ambiguity. However, it does provide several avenues by which one could conclude that the vehicle in question was "of the employer."

[¶ 21] The hearing officer and the majority rely on a written contract and/or oral agreements/understandings entered into by Securitas and the coal mines it serves, as well as the fact that the mines allowed Securitas's employees to ride the buses as a "courtesy." *See* 1 *Larsen's Workers' Compensation Law,* § 15.03 (Non–Contractual or Casual Provision of Transportation) (2006) ("However, the distinction between transportation provided by contract and transportation without agreement or as a courtesy is being increasingly questioned, since the fundamental reason for extension of liability—the extension of the actual employment-controlled risks of employment—is not affected

by the question whether the transportation was furnished because of obligation or out of courtesy."). The majority categorizes the transportation at issue as "free" and provided by the employer to employees voluntarily and without incurring any liability. I think that defies the reality of these circumstances.

[¶ 22] My conclusion is that, as a practical matter, Securitas provided Quinn with transportation to and from work, and Quinn suffered an injury during that transport. What the agreement was between Securitas and the coal mine is of no consequence to the resolution of this case, and Securitas's extraction of what amounts to a waiver of benefits is contrary to both the letter and the spirit of the governing statutes.