259 P.3d 1170 (2011)
2011 WY 120
In the Matter of the WORKER'S COMPENSATION CLAIM OF James W. BARLOW, an Employee Of Grey Wolf Drilling, Inc.
James W. Barlow, Appellant (Employee/Claimant),
v.
State Of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellee (Objector/Defendant).
No. S-10-0243.
Supreme Court of Wyoming.
August 24, 2011.
*1171 Representing Appellant: Larry B. Jones of Simpson Kepler & Edwards, LLC, The Cody, Wyoming Division of Burg Simpson Eldredge Hersh & Jardine, PC, Cody, Wyoming.
Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; James *1172 M. Causey, Senior Assistant Attorney General; Kelly Roseberry, Assistant Attorney General.
Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.
VOIGT, Justice.
[¶ 1] The appellant, James W. Barlow, injured his knee while climbing into his employer-provided truck as he was preparing to leave on a work-related trip. His request for workers' compensation benefits related to his injury was denied by the Wyoming Workers' Safety and Compensation Division ("Division"), which denial was upheld on summary judgment by the Office of Administrative Hearings ("OAH"), and affirmed by the district court. We will affirm.

ISSUE
[¶ 2] Did the OAH correctly apply the "going and coming rule," as codified in Wyo. Stat. Ann. § 27-14-102(a)(xi)(D), when it granted summary judgment in favor of the Division?

FACTS
[¶ 3] The relevant facts are undisputed. The appellant was a salaried employee with Grey Wolf Drilling Company ("employer"). His employer provided him a truck to use for travel related to his job and for personal use. On December 1, 2008, as the appellant was climbing into his truck to leave for a work trip, his foot slipped and he hit his right knee on the stirrup of the truck. The injury resulted in immediate pain in the appellant's knee and required medical attention.
[¶ 4] The appellant requested workers' compensation benefits for the injury resulting from this incident, which request the Division denied. The matter was referred to the OAH, and the Division filed a motion for summary judgment. The appellant filed a response and the OAH held a hearing on the motion. The OAH granted summary judgment in favor of the Division. The appellant then filed a Petition for Review with the district court, and the district court affirmed the OAH's decision. The appellant timely appealed the matter to this court

STANDARD OF REVIEW
[¶ 5] As noted above, this matter was decided on summary judgment.
The summary judgment procedures set forth in W.R.C.P. 56 apply to worker's compensation cases, and we apply our well-established standard for reviewing summary judgments. Chavez v. Mem'l Hosp. of Sweetwater County, 2006 WY 82, ¶ 6, 138 P.3d 185, 188 (Wyo.2006). The purpose of summary judgment is to dispose of suits before trial that present no genuine issue of material fact. Id. Summary judgment motions are determined under the following language from W.R.C.P. 56(c):
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
This Court reviews a summary judgment in the same light as the district court, using the same materials and following the same standards. Chavez, ¶ 6, 138 P.3d at 188. We view the record from the vantage point most favorable to the party who opposed the motion and give that party the benefit of all favorable inferences that may fairly be drawn from the record. Id.

Quinn v. Securitas Sec. Servs., 2007 WY 91, ¶ 8, 158 P.3d 711, 713 (Wyo.2007).

DISCUSSION
[¶ 6] The broad question raised here is whether the appellant is entitled to workers' compensation benefits for the injury he suffered as he was entering his employer-provided vehicle to leave for work. To prove entitlement to benefits, the appellant had to show that he sustained an "injury" as defined by Wyo. Stat. Ann. § 27-14-102(a)(xi) (Lexis-Nexis 2011). The definition of "injury" in that statute is:
any harmful change in the human organism other than normal aging and includes *1173 damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business.
However, the term "injury" does not include: "(D) Any injury sustained during travel to or from employment unless the employee is reimbursed for travel expenses or is transported by a vehicle of the employer[.]" Wyo. Stat. Ann. § 27-14-102(a)(xi)(D). This statute is the codification of a concept known as the "going and coming" rule, which is based on "a long-standing common law rule that injuries incurred while either going to or coming from work are not compensable unless the employer has in some fashion provided the employee with transportation or has reimbursed him for the costs of those travels." Archuleta v. Carbon Cnty. Sch. Dist. No. 1, 787 P.2d 91, 92 (Wyo.1990). This rule constitutes "a legislative determination that, while no compensable nexus with the employment is generally present when an employee is travelling between home and work, such a nexus is created where the employer has assumed the cost of that travel." Id. at 93.
[¶ 7] With these concepts in mind, we turn to the specific question before us: whether the appellant's injury was sustained while, as the statute requires, he was being "transported by a vehicle of the employer." Essentially, the question is whether the act of entering an employer-provided vehicle to embark on a work-related trip falls within the scope of "being transported by a vehicle of the employer." We have not previously addressed this specific question, as all cases in which we have considered the effect of our statutorily defined "going and coming rule" involved accidents while the employee was moving in transit. See Quinn, 2007 WY 91, 158 P.3d 711; Berg v. State ex rel. Wyo. Workers' Safety & Comp. Div., 2005 WY 23, 106 P.3d 867 (Wyo.2005); Lloyd v. State ex rel. Wyo. Workers' Safety & Comp. Div., 2004 WY 85, 93 P.3d 1001 (Wyo.2004); Chapman v. Meyers, 899 P.2d 48 (Wyo.1995); Richard v. State ex rel. Wyo. Workers' Comp. Div., 831 P.2d 244 (Wyo.1992); Archuleta, 787 P.2d 91; In re Jensen, 63 Wyo. 88, 178 P.2d 897 (Wyo.1947).
[¶ 8] The appellant argues that we should adopt a broad interpretation of the statutory language, asserting that "it is the relationship of the injury to the reason for providing transportation which is important, and not wether [sic] the employee is sitting in the vehicle at the time of the incident." The appellant cites two Oklahoma cases as support for his position. In the first case, F.W.A. Drilling Co. v. Ulery, 1973 OK 82, 512 P.2d 192 (1973), the claimant was injured when he slipped and fell as he was placing work clothes and food into the back of his truck. Id. at 193. The Oklahoma Supreme Court reversed the denial of benefits, finding that the employer's work was a "major factor for the employee's attempted travel" and concluded that because the food and clothes the claimant was packing were necessary for the work he was to undertake, "[t]he injury which occurred was inextricably connected with the necessities created by the work to be performed." Id. at 194. In the other case relied upon by the appellant, Love v. BIPO, Inc., 2006 OK CIV APP 136, 146 P.3d 873 (2006), the claimant was injured when he fell while crossing the street to get into his employer's vehicle. Id. at 874. Relying on F.W.A. Drilling, the Oklahoma court reversed a denial of benefits reasoning simply that the employer-provided transportation was a "necessity of employment." Id. at 875.
[¶ 9] The Division refutes the appellant's arguments and reliance on these cases by pointing out that the Oklahoma workers' compensation laws extend coverage far more broadly than Wyoming's, providing coverage for injuries which occur during a "scheme of employer provided travel" or when employer-provided transportation is a "necessity of employment." The Division then calls our attention to a California case, State Lottery Commission v. Workers' Compensation Appeals Board, 50 Cal.App.4th 311, 57 Cal. Rptr.2d 745 (1996). In State Lottery, the claimant was injured when he slipped and fell on the icy sidewalk leading from the front door of his house to his employer-owned vehicle he was about to enter to drive to *1174 work. Id. at 746. The State Lottery court characterized California's exception to the "going and coming rule" as follows: "if the employer provides the employee with a vehicle and requires it to be used as an incident of employment, an injury suffered by the employee during the commute to or from work will be compensable." Id. at 747. The California court found that this exception was inapplicable inasmuch as the claimant was not actually driving the employer-provided vehicle when he sustained his injury. Id. In support of its conclusion, the court stated:
Neither the Board nor [the claimant] has cited any authority which extends the reach of the above exception to facts such as those presented here, and we have found none. In every case where this exception has been held to apply, the employee was actually driving the employer-furnished vehicle when he or she sustained injury. (See, e.g., Smith v. Work[ers'] Comp.App. Bd. (1968) 69 Cal.2d 814, 815 [, 73 Cal.Rptr. 253, 447 P.2d 365]; Kobe v. Industrial Acc. Com., [35 Cal.2d 33, 35, 215 P.2d 736, 737 (1950)].) To stretch this exception so far as to include cases where the employee has not yet entered the vehicle, such as the present case, would make it almost infinitely elastic. If an employee has already begun his commute in an employer-supplied vehicle when he steps out the door of his house, he might just as well be said to have begun it when he steps out of bed in the morning. Both conclusions are absurd, and the second is not more so than the first.
We acknowledge that drawing the line at any particular point so as to cut off compensation under any of the exceptions to the "going and coming" rule may appear arbitrary. (See Santa Rosa Junior College v. Workers' Comp. Appeals Bd., [40 Cal.3d 345, 352-353, 220 Cal.Rptr. 94, 97-98, 708 P.2d 673 (1985)].) With respect to the "employer-supplied vehicle" exception, however, the appearance of arbitrariness is less striking than it might be with some of the other exceptions. The rationale for this exception is that "the employer [has] agree[d], either expressly or impliedly, that the [employment] relationship shall continue during the period of `going and coming' . . ." (Kobe v. Industrial Acc. Com., [35 Cal.2d at 35, 215 P.2d at 737]), by furnishing the vehicle and requiring its use. This rationale necessarily entails that the employer's agreement to continue the employment relationship during the employee's commute extends only to the period when the employee is actually in the employer-supplied vehicle: it is the employee's use of the vehicle as an incident of employment which extends the employment relationship beyond the workplace, not the mere fact that the employee is at some stage of progress to or from work.
Id. at 747-48 (emphasis in original).
[¶ 10] In considering the above-discussed cases, we note that the present case is both factually and legally distinguishable. While all of the cases considered the "going and coming rule" and the relevant exception, the important difference between our case and the Oklahoma and California cases is that those cases relied on the common law application of the rule, whereas Wyoming has codified the rule and defined its application with specific statutory language. Therefore, to discern the proper application of the rule, as defined in our statute, we must undertake a brief statutory analysis. Our rules of statutory interpretation are well established:
We decide initially whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. In effectuating the plain language of the statute, we begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in pari materia. If, on the other hand, we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent.
*1175 In Re Claim of Prasad, 11 P.3d 344, 347 (Wyo.2000).
[¶ 11] We have already determined that Wyo. Stat. Ann. § 27-14-102(a)(xi)(D) is unambiguous. Quinn, 2007 WY 91, ¶ 11, 158 P.3d at 714; Berg, 2005 WY 23, ¶ 8, 106 P.3d at 871; Lloyd, 2004 WY 85, ¶ 13, 93 P.3d at 1004. Therefore, we must give effect to the plain meaning of the words of the statute. As quoted previously, the statute states that the definition of "`[i]njury' does not include:. . . (D) Any injury sustained during travel to or from employment unless the employee is reimbursed for travel expenses or is transported by a vehicle of the employer[.]" The appellant's employer owned the vehicle used by the appellant and provided the vehicle to use for work; therefore, we must examine the plain meaning of the phrase "transported by the vehicle of the employer." The compensability of the appellant's injury hinges on the meaning of the word "transported." If the term "transported" encompasses entering the vehicle, then the appellant would be entitled to benefits for the injury he sustained as he was getting into his truck.
[¶ 12] The definition of "transport" is: "to carry from one place to another: convey." Webster's II New College Dictionary 1200 (3d ed. 2005). The ordinary and obvious meaning of that word, when read and considered in the context of the statute, leaves no doubt that an injury sustained during travel is only compensable if it occurs as the claimant is being carried or conveyed from one place to another (i.e. sitting in the vehicle and moving from one place to another). Entering the vehicle, as the appellant was doing here, simply does not fit within the plain language of the statute. Because of the specific and narrow nature of the language of the statute, there is simply no room for the notion that injuries suffered while "preparing to travel," or that all injuries suffered while doing any activity tangentially related to any travel "necessary to employment," are compensable. Such an interpretation would require us to supply terms or read language into the statute that does not exist.
When the words used are clear and unambiguous, a court risks an impermissible substitution of its own views, or those of others, for the intent of the legislature if any effort is made to interpret or construe statutes on any basis other than the language invoked by the legislature. . . . If the language selected by the legislature is sufficiently definitive, that language establishes the rule of law. . . . This inhibition upon statutory construction offers assurance that the legislative efforts and determinations of elected representatives will be made effective without judicial adjustment or gloss.
Krenning v. Heart Mountain Irrigation Dist., 2009 WY 11, ¶ 20, 200 P.3d 774, 781 (Wyo.2009) (citations omitted).
[¶ 13] We conclude the language of Wyo. Stat. Ann. § 27-14-102(a)(xi)(D) plainly and unambiguously requires that for an "injury sustained during travel" to be compensable, it must occur as the employee is being "transported by the vehicle of their employer." That is, the vehicle must be carrying the employee from one place to another. Because the appellant here was entering the vehicle in preparation for that transportation, the injury he sustained while entering the vehicle is not compensable.
[¶ 14] We affirm the OAH's decision.
VOIGT, J., delivers the opinion of the Court; BURKE, J., files a dissenting opinion in which KITE, C.J., joins.
BURKE, Justice, dissenting, with whom KITE, Chief Justice, joins.
[¶ 15] I respectfully dissent because I disagree with the majority's conclusion that compensability of the claimant's injury hinges on the meaning of the word "transported," as that term is used in Wyo. Stat. Ann. § 27-14-102(a)(xi)(D). Instead, when an employee is reimbursed for travel expenses or is transported by an employer's vehicle, as in this case, we must determine whether the claimant's injury was sustained "during travel." I conclude that the claimant's injury did arise "during travel," and that the claimant has satisfied the general test for compensability by establishing a "causal nexus" between the injury and his employment. Accordingly, I would reverse the OAH's grant of summary *1176 judgment, and remand for further proceedings.
[¶ 16] The majority posits that the specific question before us is "whether the appellant's injury was sustained while, as the statute requires, he was being `transported by a vehicle of the employer.'" By phrasing the issue in this manner, however, the majority unnecessarily restricts its interpretation of the statute to include only the situation in which an injury occurs simultaneously with the act of "being transported." But this is not what the statute demands. Rather, the statute provides that the term "injury" does not include "[a]ny injury sustained during travel to or from employment unless the employee is reimbursed for travel expenses or is transported by a vehicle of the employer." Wyo. Stat. Ann. § 27-14-102(a)(xi)(D) (emphasis added). The statute does not require that the injury occur simultaneously with "being transported," just as it does not require that the injury occur while the employee is "being reimbursed" for travel expenses. In this case, the claimant's employer provided him with a truck to use for his work and as needed when he was not working. The claimant was subject to being called into work at any time. In light of these facts, the claimant has established that he was "transported by a vehicle of the employer."
[¶ 17] The question we must answer, then, is whether the claimant's injury was sustained "during travel." The hearing examiner, correctly determining that "the dispositive legal issue is whether or not any injury [the claimant] sustained was, as a matter of law, sustained `during travel,'" referred to the definition of travel contained in Black's Law Dictionary. According to the hearing examiner, "[t]ravel is defined as going from one place to another at a distance." Using that definition, the hearing examiner concluded that "in order for there to be vehicle travel or transportation there must be at least some initial movement by the vehicle in which the employee is traveling as this is the most reasonable demarcation point between preparing for travel and actually traveling." Although the majority focuses upon the statutory phrase "is transported by," it appears that the majority would also interpret "during travel" to require initial movement of the vehicle in order for the injury to be compensable. However, there is no indication in the statute that the legislature intended to impose that limitation on compensability. From a common sense perspective, it is obvious that an individual must enter the vehicle to travel in it. So long as the employee was entering the vehicle in furtherance of the employment, there is no reason to deny recovery. In this case, the claimant, who was subject to being called in to work at any time, was called by his superior to a meeting in Casper, Wyoming, which is approximately 235 miles from his home in Powell, Wyoming. The claimant was injured on the stirrup of his employer's truck as he was climbing into the vehicle to make the trip to Casper. The claimant was injured "during travel."
[¶ 18] The majority attempts to create a bright-line rule for determining whether an injury is sustained during travel, and states that travel includes only the situation in which "the vehicle [is] carrying the employee from one place to another." As noted in 1 Larson's Workers' Compensation Law, § 13.01[1], "[w]hen a line of this kind is drawn, there are always cases very close to each side of the line." The determination of whether an injury is sustained during travel, however, can be made without attempting to divine a bright-line rule from the statute. Indeed, we need not go beyond the existing standard, discussed below, which requires a "causal nexus" between the injury and the circumstances of employment in order for an injury to be compensable. It is simply impossible to anticipate all of the potential ways in which an employee could be injured "during travel." Certainly, the employee could be injured while the vehicle is moving, but an employee could also be injured while the vehicle is not in motion.
[¶ 19] Rather than deciding these cases based on a finely drawn rule, it is better to approach each individual set of facts in light of the "causal nexus" standard that we have previously articulated. In interpreting the definition of injury under Wyo. Stat. Ann. § 27-14-102(a)(xi), we have repeatedly stated *1177 that, for an injury to be compensable, "there must be `a causal nexus between the injury and some condition, activity, environment or requirement of the employment.'" Shelest v. State ex rel. Wyo. Workers' Safety & Comp. Div., 2010 WY 3, ¶ 8, 222 P.3d 167, 170 (Wyo.2010), quoting Quinn v. Securitas Sec. Servs., 2007 WY 91, ¶ 11, 158 P.3d 711, 714 (Wyo.2007). Further, we have held that
Subsection (D) is the codification of "a long-standing common law rule that injuries incurred while either going to or coming from work are not compensable unless the employer has in some fashion provided the employee with transportation or has reimbursed him for the costs of those travels." Archuleta [v. Carbon County School District No. 1], 787 P.2d [91,] 92[(Wyo.1990)]; Claims of Naylor, 723 P.2d 1237, 1241 (Wyo.1986). As we stated in Archuleta, in terms of our "nexus test," subsection (D) of § 27-14-102(a)(xi) "constitutes a legislative determination that, while no compensable nexus with the employment is generally present when an employee is traveling between home and work, such a nexus is created where the employer has assumed the cost of that travel." Id. [at 93].
Berg v. State ex rel. Wyo. Workers' Safety & Comp. Div., 2005 WY 23, ¶ 8, 106 P.3d 867, 871 (Wyo.2005). The injury sustained by the claimant in this case satisfies the general "nexus test." As indicated above, the claimant was injured climbing into his employer's truck while on his way to a work-related meeting. The claimant had no choice but to enter his employer's vehicle by opening the door and stepping up to the driver's seat. The claimant's injury was directly related to a requirement of his employment, namely, that he would use his employer's truck to travel to the meeting. Consequently, the claimant's injury is compensable under our "nexus test."
[¶ 20] Among the jurisdictions that rely on common law application of the "going and coming rule" to determine whether an employee's injury is compensable, the decision in State Lottery Commission v. Workers' Compensation Appeals Board, 50 Cal. App.4th 311, 57 Cal.Rptr.2d 745 (1996) appears to distinguish California as the only jurisdiction requiring that an employee's injury be sustained while the employee is actually in the employer's vehicle. The decisions reached in F.W.A. Drilling Co. v. Ulery, 1973 OK 82, 512 P.2d 192 (1973) and Love v. BIPO, Inc., 2006 OK CIV APP 136, 146 P.3d 873 (2006), appear to represent the most common approach in these cases, which is to rest judgment on whether the employee's injury is sustained during an activity that is reasonably necessary or incidental to the employment. This principle, which is analogous to our nexus test, is expressed in F.W.A. Drilling v. Ulery as follows:
We are of the opinion that the argument of the employer attempts, by a too finely drawn analysis, to differentiate between necessities of employment, and conditions under which work was required to be performed. Without question, the major factor for the employee's attempted travel was the employer's work. The employer saw fit to furnish transportation for the sixty-mile trip to the site. The employee had to bring his lunch because food was not available on the site, and the practice was for the employees to bring clothing to be worn during actual work. The conditions under which claimant's work was to be performed required these things be taken to the job site. The injury which occurred was inextricably connected with the necessities created by the work to be performed.

Claimant's injury occurred under conditions as incidental to his employment as an injury which might have resulted from falling while attempting to enter the truck to begin the journey to the job site. From these circumstances the trial court correctly determined [the] causal connection between conditions under which the work was required to be performed and claimant's injury.
Id. at 194 (emphasis added). In line with the analysis in F.W.A. Drilling, other jurisdictions have determined that an injury is compensable when the employee is engaged in an act that is reasonably necessary or incidental to the employment. See, e.g., Hafer's Inc. v. Industrial Comm'n, 526 P.2d 1188 (Utah 1974) (claimant's injury held compensable *1178 where claimant was injured while installing a spring-loaded shock absorber in his work vehicle on the day prior to a sales trip); Pan Am. Fire & Cas. Co. v. Cothran, 109 Ga.App. 332, 136 S.E.2d 163 (1964) (claimant's injury held compensable where claimant was injured while moving lumber out of a truck blocking the entrance to his home); Advanced Diagnostics v. Walsh, 437 So.2d 778 (Fla.Dist.Ct.App.1983) (claimant's injury held compensable where claimant salesman was getting into a work vehicle in his own driveway when another car left the street and caused injury). In accordance with the analysis employed in these jurisdictions, and the similar analysis required under our nexus test, I would find that the claimant's injury in this case was compensable. The OAH's decision granting summary judgment to the Workers' Compensation Division should be reversed.